IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Civil No. 22-226 |
| | ) | |
| OSBALDO RAMIREZ-CERVANTES | ) | |

**Opinion on Pretrial Motions**

Defendant Osbaldo Ramirez-Cervantes is charged, along with three other co-defendants in a one-count Indictment, with Conspiracy to Possess with Intent to Distribute and Distribution of a quantity of a Schedule II Controlled Substance and a Schedule I controlled substance, in violation of 18 U.S.C. § 846. Presently before the Court are the following defense pretrial motions:

- Motion for Bill of Particulars, ECF No. 176;
- Motion for Government Agents and Local Law Enforcement Officers to Retain Rough Notes and Writings, ECF No. 178;
- Motion for Early Disclosure of Jencks Materials, ECF No. 173;
- Motion to Produce Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609, ECF No. 175;
- Motion for Disclosure of All Prior Testimony of Unindicted Co-Conspirators and/or Confidential Informants and for Disclosure of the Identity and Contact Information of the Same, ECF No. 177; and
- Motion in Limine to Exclude Hearsay Statements, ECF No. 174.

The government has filed an Omnibus Response to the Motions. ECF No. 184.

**I. Motion for Bill of Particulars**

Defendant requests that the Court issue an Order directing the government to file a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f). Federal Rule of Criminal Procedure 7(f) provides:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment, or at

> a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). A bill of particulars is a "'formal, detailed statement of the claims or charges brought by a plaintiff or a prosecutor.'" *United States v. Urban*, 404 F.3d 754, 771-772 (3d Cir. 2005) (quoting Black's Law Dictionary 177 (8th ed. 2004)). "The purpose of a bill of particulars is "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." United States v. Addonizio, 451 F.2d 49, 63-64 (3d Cir.1972). "Only where an indictment fails to perform these functions, and thereby 'significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial,' will we find that a bill of particulars should have been issued." *Urban*, 404 F.3d at 771-772 (quoting *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir.1989) (citing *Addonizio*, 451 F.2d at 62-63)).

For a conspiracy charge, the United States Court of Appeals for the Third Circuit "has held that a defendant is not entitled to a list of uncharged overt acts and uncharged criminal conduct, nor is he entitled to a list of the identities of Government witnesses." *United States v. Cardillo*, No. CRIM.A. 13-121-2 JBS, 2015 WL 3409324, at *5 (D.N.J. May 27, 2015) (citing *United States v. Di Pasquale*, 740 F.2d 1282, 1294 (3d Cir.1984) (other citations omitted). A "request for the 'when, where and how' of any overt acts not alleged in the indictment is "tantamount to a request for 'wholesale discovery of the Government's evidence,' which is not the purpose of a bill of particulars under Fed. R. Crim. P. 7(f)." *United States v. Armocida*, 515 F.2d 49, 54 (3d Cir.1975) (quoting *Addonizio*, 451 F.2d at 64). A "bill of particulars is not a discovery tool by which defendants obtain disclosure of every detail of the theory and preparation of the Government's case." *Cardillo*, 2015 WL 3409324, at *5.

With respect to the alleged conspiracy charged in Count 1, Defendant requests a bill of particulars that identifies the date, time, and place that Mr. Ramirez-Cervantes allegedly joined the conspiracy; the date on which the conspiracy began; a list of individuals present to the outset of the conspiracy; any evidence that Mr. Ramirez-Cervantes committed acts outside the scope of the conspiracy (with dates and times); and all relevant conduct attributable to Mr. Ramirez-Cervantes during the conspiracy.

The conspiracy charge in Count 1 of the Indictment provides sufficient information regarding the nature of the charge brought against Mr. Ramirez-Cervantes, and further provides sufficient information to permit him to adequately prepare a defense. *Addonizio*, 451 F.2d at 63-64. Count 1 alleges a five-month long conspiracy among Mr. Ramirez-Cervantes and his three co-defendants. ECF No. 16. The government did not allege that any of the named defendants conspired with persons "known and unknown to the grand jury," which limits the scope of the conspiracy, as indicted. The aim of the conspiracy, as stated in Count 1, was to unlawfully distribute and possess with the intent to distribute Schedule I and Schedule II controlled substances. *Id.* The Indictment alleges a relatively time-limited conspiracy among four individuals involving the distribution of controlled substances. The Indictment provides sufficient information to permit Mr. Ramirez-Cervantes to adequately prepare a defense, protect against double jeopardy, and to avoid unfair surprise at trial.

Moreover, Mr. Ramirez-Cervantes's request for answers to his questions regarding the date, time, and places of when he joined the conspiracy, the acts he committed outside the conspiracy, a list of individuals who were present at the outset of the conspiracy, and all relevant conduct attributable to Mr. Ramirez-Cervantes, are in fact direct discovery requests, "which is not the purpose of a bill of particulars." *Armocida*, 515 F.2d at 54. In addition, as stated in its

3

Response, the government has provided a significant amount of discovery materials to Mr. Ramirez-Cervantes and his counsel. Omnibus Resp. at 11-12. The information provided by the government adds significant and specific details to the conspiracy charge in the Indictment. The information Mr. Ramirez-Cervantes possesses is sufficiently clear to enable him and his counsel to adequately prepare a defense, protect against double jeopardy, and to avoid unfair surprise at trial. *United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir. 1972) ("motion seeking a bill of particulars is properly denied where the record as a whole demonstrates that ample opportunity exists for adequate preparation of the defense"). Thus, the Court finds that the Indictment itself is sufficiently worded, and, as supplemented by the government's discovery material and oral disclosures, informs Mr. Ramirez-Cervantes of the charges against him and permits him to adequately prepare his defense. Accordingly, the Motion for a Bill of Particulars will be denied.

> **II.     Motion for Retention of Rough Notes and Writings**

Mr. Ramirez-Cervantes requests that the Court order all government agents and state and local law enforcement officers who participated in the investigation of this case to retain and preserve their rough notes and writings. The government states that it has no objection to granting the request for preservation of rough notes and writings. The government notes that it is aware of its obligations under *United States v. Vella*, 562 F.2d 275, 276 (1977) (holding that "rough interview notes of [law enforcement officers] should be kept and produced so that the trial court can determine whether the notes should be made available to the defendant under" *Brady v. Maryland*, 373 U.S. 83 (1963) or the Jencks Act) and *United States v. Ammar*, 714 F.2d 238, 259 (3d Cir. 1983) (expanding the category of what must be retained to include rough

reports[1]).  Finally, the government states that it intends to disclose rough notes and writings (as well as Jencks material) fourteen days before trial.  Accordingly, Mr. Ramirez-Cervantes' request, for an Order directing the government to retain rough notes and writings relating to law enforcement officer's investigation in this case, will be granted.

### III.     Motion for Early Disclosure of Jencks Materials

In his request for early disclosure of Jencks material, Mr. Ramirez-Cervantes notes that, during discovery, the government has referred to the co-defendants in this case (who may have given statements) as well as other persons allegedly involved in the conspiracy, either as a subject of investigation or as a government witness.  The defense, however, has not been provided with the names of the unknown individuals.  Therefore, Mr. Ramirez-Cervantes requests early disclosure of Jencks material to safeguard his due process rights and to avoid delay at trial.

By statute the government need not disclose Jencks material until after the witness has testified at trial.[2]  A court can encourage the government to provide the defense with Jencks Act materials in time to avoid unnecessary delays during trial, but in this case the government already intends to provide early disclosure.  In its Response, the government states that it intends to disclose Jencks material fourteen days before trial, which should afford sufficient time to permit counsel to review the materials so as to eliminate the need for a delay in the trial. Omnibus Resp. 2-3.  The Motion for Jencks Act material will be granted in that the government

---

[1] A rough draft is not necessarily a Jencks Act statement until it is refined to the point where a finding can be made that the witness has "adopted or approved" the rough draft as a statement, such as where a law enforcement official presents a handwritten draft to a supervisor. *United States v. Ammar*, 714 F.2d 238, 259 (3d Cir. 1983).
[2] Pursuant to the Jencks Act, no statement or report made by a government witness or potential government witness "shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."  18 U.S.C. § 3500(a).  "After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified."  18 U.S.C. § 3500(b).

shall disclose all Jencks material in accordance with 18 U.S.C. § 3500(b) and the government's intention to provide such materials fourteen days before trial.

### IV. Motion to Produce Evidence Under Federal Rules of Evidence 404(b) and 609

Mr. Ramirez-Cervantes requests that the Court Order the government to provide him with any and all evidence the government intends to introduce at trial pursuant to Federal Rule of Evidence 404(b) and any impeachment evidence pursuant to Rule 609.

Rule 609 concerns the impeachment of a witness by use of a prior criminal conviction. Fed. R. Evid. 609. Rule 404(b) is titled "Other Crimes, Wrongs, or Acts," and specifies when such evidence is prohibited, when it is permitted, and the prosecution's obligations to notify the defense that it intends to introduce such evidence. As to "Prohibited Uses," Rule 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). With respect to "Permitted Uses," Rule 404(b)(2) provides that evidence of prior bad acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Finally Rule 404(b)(3)'s notice requirements, provide as follows:

> **(3) Notice in a Criminal Case**. In a criminal case the prosecutor must:
>
> **(A)** provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>
> **(B)** articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>
> **(C)** do so in writing before trial – or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3).

In its Response, the government has not yet identified any specific bad acts and/or convictions it will seek to introduce at trial. The government states that when it identifies such material, it will provide the defense with the required notice "at least two weeks prior to trial." Omnibus Resp. 4. "Reasonable notice," depends on "the circumstances and complexity of the prosecution." *United States v. Johnson*, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016). In general, courts have found that, "reasonable notice" under Rule 404(b) is in the range of seven to ten days or one to two weeks prior to trial. *United States v. Long-Parham*, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016); *United States v. Buckner*, 2020 U.S. Dist. LEXIS 5485, at *14–15 (M.D. Pa. Jan. 13, 2020). The government's intention to disclose Rule 404(b) material fourteen days prior to trial is reasonable given that "the circumstances and complexity of the prosecution" appear to be straightforward. *Johnson*, 218 F. Supp. 3d at 462. The Court concludes that disclosure fourteen days prior to trial is sufficiently in advance of trial for the defense to make effective use of the material, and to request an evidentiary hearing prior to trial if necessary.

With respect to Rule 609 materials the government notes that it has already provided Mr. Ramirez-Cervantes with a copy of his criminal history. In accord with its previously stated disclosure plans, the government states that, at least two weeks prior to trial, it will inform Mr. Ramirez-Cervantes of "the general nature of any such evidence" it intends to admit under Rules 404(b) and 609. Accordingly, the Motion for disclosure of Rule 404(b) and Rule 609 information will be granted and the government will be ordered to disclose the relevant material consistent with its stated timeline of fourteen days prior to trial.

V. **Motion for Disclosure of All Prior Testimony of Unindicted Co-Conspirators and/or Confidential Informants and for Disclosure of the Identity and Contact Information of the Same**

Next, Mr. Ramirez-Cervantes requests that the government disclose all prior testimony of unindicted coconspirators and/or confidential informants and disclose their identities and contact information. He also seeks production of the informants for questioning by the defense.

The government has a limited privilege to withhold the identity of a confidential informant. *Roviaro v. United States*, 353 U.S. 53, 59 –62 (1957). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement." *Roviaro*, 353 U.S. at 59. By protecting an informant's identity, members of the public are more likely to act as an informant and cooperate with law enforcement. *Id.* The privilege is not absolute. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61.

"The burden is on the defendant to show the need for disclosure." *United States v. Jiles*, 658 F.2d 194, 197 (3d Cir. 1981). Mere speculation that disclosure would be helpful is not sufficient to override the government's privilege. *Jiles*, 658 F.2d at 197 ("[Defendant's] first reason, that as an eyewitness the informant may provide exculpatory information, is clearly not enough ... The mere speculation that an eyewitness may have some evidence helpful to the defendant's case is not sufficient to show the specific need required by Roviaro"). "[T]he Court in *Roviaro* stated that once a defendant sets forth a specific need for disclosure the court should balance 'the public interest in protecting the flow of information against the individual's right to prepare his defense.'" *Id.* at 196 (quoting *Roviaro*, 353 U.S. at 62). "The court should also take into consideration 'the crime charged, the possible defenses, the possible significance of the

informer's testimony, and other relevant factors.'" *United States v. Noble*, No. 1:17CR00005, 2018 WL 4501075, at *1 (W.D. Pa. Sept. 20, 2018) (quoting *Jiles*, 658 F.2d at 197).

Mr. Ramirez-Cervantes argues that the confidential informant is a percipient witness, and as such, he will be unduly prejudiced if he is not given an opportunity to investigate the confidential informant[3] prior to trial.  He argues that disclosure of the identity of any confidential informant is needed because Mr. Ramirez-Cervantes is charged in a conspiracy that is supported solely by the reliance on testimony from confidential informants, and because the informer's identity and the contents of the informer's communication are relevant and helpful to his defense or is essential to a fair determination of culpability.  Def. Mot. ¶ 8 (citing *Roviaro*, 353 U.S. at 59).  Further, he argues, that such disclosure will also permit the defense the opportunity to rebut the informer's testimony.  *Id*. ¶ 10.

The government states that pretrial discovery materials have revealed that the investigation employed a confidential source, and that the government has disclosed to the defense "consensually recorded communications and conversations between the confidential source" and Mr. Ramirez-Cervantes and his co-defendants.  Omnibus Resp. 13.  Furthermore, the government asserts that said "recordings and communications will likely be the primary evidence" of Mr. Ramirez-Cevantes' involvement in the conspiracy, and that the government intends to call the confidential source as a witness.  *Id.*

Before the Court applies the *Roviaro* balancing test, Mr. Ramirez-Cervantes must first demonstrate a specific need for disclosure.  Mr. Ramirez-Cervantes has not met this burden.  He relies on the assertion that evidence of the alleged conspiracy is solely supported by the testimony of a confidential informant.  The government's Response indicates that the

---

[3] The Court will refer to a singular "confidential informant," though there may be more than one.

confidential informant participated in the crime, which means the informant is also likely an eyewitness able to testify as to the events of the crime. This description of a specific need is generic insofar as it would apply to any informant, or co-conspirator, who was active in the crime. Mr. Ramirez-Cervantes's request for disclosure, in this case, of the confidential informant's identity and whereabouts is no different than a premature defense request for a list of government witnesses. *United States v. Mitchell*, 540 F.2d 1163, 1166 (3d Cir. 1977). The confidential informant is also not the only active actor involved in the alleged conspiracy. There are three known charged co-conspirators. The Court concludes that Mr. Ramirez-Cervantes has not met his burden to establish a "specific need" beyond "mere speculation that an eyewitness may have some evidence helpful to defendant's case." *Johnson*, 677 F.3d at 143 (quoting *Jiles*, 658 F.2d at 197). Accordingly, because Mr. Ramirez-Cervantes does not meet his burden to demonstrate a need for disclosure, the Motion will be denied, without prejudice.

      Even had Mr. Ramirez-Cervantes met his burden to establish a need for disclosure, such need does not justify breaking the government's "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro*, 353 U.S. at 59. The Third Circuit, referring to a similar role played by a confidential source, stated "the court may be presented with an extreme situation, such as that in *Roviaro* itself, in which the informant played an active and crucial role in the events underlying the defendant's potential criminal liability. In these cases, disclosure and production of the informant will *in all likelihood* be required to ensure a fair trial." *Jiles*, 658 F.2d at 196–97 (emphasis added). However, despite the *Jiles'* Court's pronouncement of an "in all likelihood" rule, the Supreme Court in *Roviaro* clearly stated "that no fixed rule with respect to disclosure is justifiable." *Roviaro*. 353 U.S. at 62. In *Roviaro*, the informer was the sole

participant, other than the defendant, in the charged crime. *Roviaro*, 353 U.S. at 62. Here, there are at least four alleged conspirators plus the confidential source who participated in the alleged crime. Under these circumstances this case is distinguishable from *Roviaro* in that the informer is not a "sole" participant in the charged crime with the defendant. The Court finds that disclosure of the confidential informant's identity is not warranted when balanced against the public's interest in protecting the flow of information against Mr. Ramirez-Cervantes' right to prepare his defense. Accordingly, for this additional reason, the Motion will be denied, without prejudice.

**VI.     Motion in Limine to Exclude Hearsay Statements**

Mr. Ramirez-Cervantes moves to exclude the introduction of hearsay statements of alleged coconspirators as testified to by law enforcement witnesses, rather than the actual declarant, insofar as such hearsay statements are offered for the truth of the matter or to show that the statements were made in furtherance of the alleged conspiracy. He argues that such hearsay statements would be inadmissible if offered before the government had established the existence of a conspiracy and established that Mr. Ramirez-Cervantes was involved in the conspiracy. Finally, he argues that the admission of such statements would also violate his Sixth Amendment right to confront witnesses against him.

The government states that the type of evidence it intends to introduce at trial is consensually intercepted and recorded statements made by Mr. Ramirez-Cervantes and his co-defendants, among themselves or to a confidential source, who was wearing a body recording device. Mr. Ramirez-Cervantes' Sixth Amendment confrontation right is not implicated because out of court co-conspirator statements captured by a recording or a confidential source, are not testimonial. *United States v. Hendricks*, 395 F.3d 173, 181 (3d Cir. 2005) ("surreptitiously

monitored conversations and statements contained in the Title III recordings are not 'testimonial'").

Mr. Ramirez-Cervantes also requests that the Court hold a pre-trial evidentiary hearing, the purpose of which would be to require the government to prove the existence of the conspiracy before the subject hearsay statements are admitted. In Response, the government relies on case law providing that the admissibility of out of court statements be determined during the trial itself. For example, one District Court explained the issue succinctly:

> While it is true that the government must prove the admissibility of co-conspirators' statements before those statements are admitted into evidence under Federal Rule of Evidence 801(d)(2)(E),[17] this court has found no authority for the proposition that such proof must be made before trial. Proof of admissibility is usually introduced during trial, either through the testimony of other witnesses, or contemporaneously with the offering into evidence of the co-conspirator's statement.[18] In fact, in *United States v. Continental Group, Inc.*, 603 F.2d 444 (3d Cir.1979), the Third Circuit upheld the district court's decision to admit co-conspirators' statements subject to the government's later establishment of the existence of the conspiracy. Although the court considered "the danger of prejudice to the defendant inherent in the practice of admitting coconspirator declarations, otherwise hearsay, subject to later proof of the requisite conspiracy," it held that the district court's approach was reasonable. *Continental Group*, 603 F.2d at 457. The Third Circuit reaffirmed the validity of admitting co-conspirators' statements subject to later connection in *United States v. Gambino*, 926 F.2d 1355, 1361 (3d Cir.1991), where "the conspiracy became clearly defined only after the testimony of several witnesses."
>
> [17] *See, e.g., Bourjaily v. United States*, 483 U.S. 171 . . . (1987).
>
> [18] In *United States v. McGlory*, 968 F.2d 309, 333 (3d Cir.1992 . . . the Third Circuit listed the four factors which the government must establish in order to have co-conspirators' hearsay statements admitted into evidence: (1) that a conspiracy existed, (2) that the party and the declarant against whom the statement is offered were both members of the conspiracy, (3) that the statement was made in the course of the conspiracy, and (4) that the statement was made in furtherance of the conspiracy.

*United States v. McDade*, 827 F. Supp. 1153, 1176–77 (E.D. Pa. 1993). At this stage of the proceedings, Mr. Ramirez-Cervantes has not demonstrated a persuasive or specific reason why the Court should deviate from accepted practice and hold a pretrial evidentiary hearing that also has the danger of becoming a mini-trial based on the government's representations of the

required evidence. The government anticipates that at trial it will call multiple witnesses and introduce numerous telephone calls and documentary materials in order to establish the conspiracy upon which coconspirators' statements would be admitted.

Mr. Ramirez-Cervantes' Motion in Limine to Exclude Hearsay Evidence will be denied, without prejudice. The request for a pretrial hearing to address such statements will be denied.

## VII. Conclusion

For the reasons explained above, Mr. Ramirez-Cervantes' s Motions are resolved as follows:

1. The Motion for Bill of Particulars, ECF No. 176, is DENIED.

2. The Motion for Government Agents and Local Law Enforcement Officers to Retain Rough Notes and Writings, ECF No. 178, is GRANTED. The government is ordered to direct law enforcement officers to retain rough notes and writings relating to the investigation of this case.

3. The Motion for Early Disclosure of Jencks Materials, ECF No. 173, is GRANTED in that the government shall disclose all Jencks material in accordance with 18 U.S.C. § 3500(b) and the government's intention to provide such materials fourteen days before trial.

4. The Motion to Produce Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609, ECF No. 175, is GRANTED. The government shall disclose relevant material under said Rules at least fourteen days prior to trial.

5. The Motion for Disclosure of All Prior Testimony of Unindicted Co-Conspirators and/or Confidential Informants and for Disclosure of the Identity and Contact Information of the Same, ECF No. 177, is is DENIED, without prejudice.

6. The Motion in Limine to Exclude Hearsay Statements, ECF No. 174 is DENIED, without prejudice. The request for a pretrial evidentiary hearing is DENIED.

An Order scheduling trial in this matter for January 29, 2024, will be entered separately.

Dated: December 12, 2023

_____
Marilyn J. Horan
United States District Court Judge